IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SHIRLEY ANN STRONG,              :
                                 :
            Plaintiff,           :
                                 :
v.                               :        CASE NO. 4:13-CV-156-MSH
                                 :           Social Security Appeal
CAROLYN COLVIN,                  :
Commissioner of Social Security, :
                                 :
            Defendant.           :
_____  :

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for supplemental security income and disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations.   Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).   All administrative remedies have been exhausted.   Both parties have filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a

preponderance.  If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it."  *Dyer v. Barnhart*, 395 F.

3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in

reviewing claims brought under the Social Security Act is a narrow one.  The court may

neither decide facts, re-weigh evidence, nor substitute its judgment for that of the

Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must,

however, decide if the Commissioner applied the proper standards in reaching a decision.

*Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must

scrutinize the entire record to determine the reasonableness of the Commissioner's

factual findings.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

However, even if the evidence preponderates against the Commissioner's decision, it

must be affirmed if substantial evidence supports it.  *Id.*

    The Plaintiff bears the initial burden of proving that she is unable to perform her

previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The Plaintiff's burden

is a heavy one and is so stringent that it has been described as bordering on the

---

[1]     Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined

---

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Administrative Proceedings

Plaintiff applied for disability insurance benefits (DIB) on April 11, 2005 alleging disability since July 15, 2001.[3]  (Tr. 32, ECF No. 11.)  Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ").  Plaintiff first appeared before an ALJ on February 2, 2009.  Following the hearing, the ALJ issued an unfavorable decision on June 17, 2009. (Tr. 650-56.)  Upon request for review, the Appeals Counsel remanded the application to a new ALJ to reassess the issue of past relevant work and continue the sequential evaluation process beyond step four.  (Tr. 18.)  Another hearing was held via video conference before the new ALJ on March 29, 2011.  Following the hearing, the new ALJ issued another unfavorable decision on March 12, 2012.  (Tr. 18-29.)  The Appeals Council ultimately denied Plaintiff's request for review on March 25, 2013.  (Tr. 9-11.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 20.)  The ALJ found that Plaintiff suffered from the severe

---

[3]     The Parties cite different onset dates so the Court will use the alleged onset date specified by the Plaintiff.

impairments of migraine headaches, degenerative disc disease of the lumbar spine, fibromyalgia, and obesity.  (*Id.*)  The ALJ further determined that Plaintiff had non-severe impairments of gastritis, edema, hypertension, emphysema, and depression.  (Tr. 21.)  The ALJ then determined that Plaintiff's severe impairment and nonsevere impairments did not meet or medically equal, either individually or in any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 24.)

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform medium work with a limitation to simple tasks.  (*Id.*)  Testimony from the vocational expert (VE) led the ALJ to conclude that Plaintiff could not perform her past relevant work of nurse assistant, cook, or cardiac monitor technician.   (Tr. 27-28.) Plaintiff was forty-eight years old on the date last insured, which is considered to be a younger individual, but has since changed age category to closely approaching advanced age.  (Tr. 28.)  The ALJ then found that Plaintiff had a high school education and could communicate in English.  (*Id.*)  Considering her age, education, work experience, and RFC, the ALJ determined that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform.  (*Id.*)

## ISSUES

I.      **Whether the ALJ properly rejected the opinion of Plaintiff's treating physician.**

II.     **Whether the ALJ properly assessed Plaintiff's Residual Functional Capacity in accordance with 20 C.F.R. § 404.1545 and SSR 96-8p and 96-7p.**

III.    **Whether the ALJ posed an incomplete hypothetical question to the Vocational Expert.**

## DISCUSSION

**I.     Did the ALJ properly consider and reject the medical opinion of Plaintiff's treating physician, Dr. Yut?**

In her first enumeration of error, Plaintiff contends that the ALJ "improperly determined that Dr. Yut is not a treating source," and that under the treating physician rule the ALJ did not establish good cause for rejecting Dr. Yut's opinion.  (Pl.'s Br. 6-8, ECF No. 14.)  Plaintiff characterizes the ALJ's decision as rejecting Dr. Yut for an absence of medical evidence and states that this is not a valid reason for rejecting the opinion of a treating physician.  (*Id*. at 8.)

As the Commissioner notes in her brief, the ALJ specifically described Dr. Yut at step two of the sequential analysis as Plaintiff's treating physician.   (Tr.  21.)  Furthermore, the ALJ treats Dr. Yut's opinion as that of a treating physician throughout her decision.  (Tr. 21, 24-25, 27.)  Therefore, Plaintiff's contention that the ALJ did not consider Dr. Yut as a treating physician is incorrect.

Additionally, Plaintiff argues that the ALJ did not properly apply the treating physician's rule to Dr. Yut's opinion.  It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Phillips v. Barnhart*, 357 F.3d 1240, 1241 (11th Cir. 2004) (quotation and citation omitted).  The Eleventh Circuit has found that "good cause" exists where:  (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.   *Id*.  "When the ALJ has articulated specific

reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error." *Weekley v. Comm'r of Soc. Sec.*, 486 F. App'x 806, 808 (11th Cir. 2012) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)).

The ALJ specifically addressed Dr. Yut's opinion and found that it was worthy of "little weight." (Tr. 27.)  Further, the ALJ clearly articulated the "good cause" required to discount the opinion of a treating physician.  The ALJ noted that Dr. Yut's "own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled, and [Dr. Yut] did not specifically address this weakness." (Tr. 27.)  The ALJ also noted that the objective medical evidence of record in the form of "cat scans, x-rays, and electrocardiograms," among others "failed to reveal significant results." (*Id.*)  Upon a review of the numerous exhibits cited by the ALJ, it is clear that this determination is supported by substantial evidence.

Plaintiff argues that the ALJ's reasons quoted above do not constitute "good cause" because they do not amount to "*specific reasons* supported by the record." (Pl.'s Br. 7) (emphasis in original).  Interestingly, Plaintiff does not argue that the lab tests and diagnostic studies do not support the ALJ's decision, only that she wasn't clear enough in her reasoning. (Pl.'s Br. 7.)  However, the Court finds that these stated reasons, including citations to multiple examples of objective medical evidence in the record to support them, are sufficiently clear to allow the court to review the decision.  The Eleventh Circuit has indeed stated that an ALJ must make the reasons for discounting a treating physician's opinion sufficiently clear to the reviewing court.  *Winschel v. Comm. of Soc.*

*Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011.)  However, the ALJ need only "state with at least some measure of clarity the grounds for his decision," and is not required to discuss each and every piece of medical evidence.  *Id.*

Here, the ALJ pointed to specific tests performed on Plaintiff that showed insignificant results, contradicting the severity of Plaintiff's symptoms described by Dr. Yut.  (Tr. 27.)  As stated above, good cause exists where "the treating physician's opinion was not bolstered by the evidence."  *Phillips*, 357 F.3d at 1241.  Therefore, the ALJ has shown good cause to discount Dr. Yut's opinion.  The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician.  *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991).  The ALJ's decision to assign "little weight" to the opinion of Dr. Yut is supported by substantial evidence.

## II.    Did the ALJ properly assess Plaintiff's Residual Functional Capacity in accordance with 20 C.F.R. § 404.1545 and SSR 96-8p and 96-7p?

Next, Plaintiff argues that the ALJ failed to follow the proper legal standards in her assessments of Plaintiff's Residual Functional Capacity (RFC) and credibility.  (Pl.'s Br. 8.)  As to the RFC, Plaintiff contends that the ALJ (1) failed to resolve conflicts between Dr. Yut's opinion and the RFC, and (2) failed to account for all of Plaintiff's impairments.  As to the credibility finding, Plaintiff argues that the ALJ failed to consider and discuss each of the seven outlined factors in SSR 96-7p, and failed to provide reasoning for finding Plaintiff's subjective allegations not credible where they conflict with the RFC.

Plaintiff argues that the ALJ failed to adequately explain the fact that her RFC assessment included far less limitations than Dr. Yut's opinion.  She cites SSR 96-8p for the proposition that "if the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." (Pl.'s Br. 8.)  As stated above, however, the ALJ adequately explained why Dr. Yut's opinion was not adopted and in doing so pointed to the objective medical evidence that contradicts Dr. Yut's findings.  Plaintiff states that "the ALJ's decision does not include all of Dr. Yut's opinion or accurately report her assessment of Ms. Strong's condition." (*Id*.)  The ALJ is not required to list every single aspect of a medical source's opinion in the decision so long as they adequately discuss the issues therein, and Plaintiff fails to point to any inaccuracies between Dr. Yut's opinion and the ALJ's report thereof.  Plaintiff's contention is without merit.

Plaintiff further argues that the ALJ failed to account for all of Plaintiff's impairments in her RFC assessment.  Plaintiff specifically points to the fact that the ALJ found Plaintiff's edema was a non-severe impairment and claims that the ALJ failed to adequately consider the impact of the edema and other non-severe impairments when assessing Plaintiff's RFC.  (*Id*.)  The Commissioner responds by pointing to the lengthy discussions in the ALJ's decision regarding Plaintiff's gastritis, edema, hypertension, emphysema/cardiac symptoms, enlarged liver, and depression.  (Comm'r's Br. 8, ECF No. 16.)  In those discussions, the ALJ concluded that none of these impairments resulted in significant limitations in Plaintiff's ability to perform basic work.  (Tr. 21-24.)  As for the edema specifically, the ALJ discussed the record evidence regarding that impairment

9

and found that treatment notes indicated improvement in the symptoms and that "medication was relatively effective."  (Tr. 21.)  The ALJ also expressly stated that her RFC analysis was based on a review of the record as a whole, and found that Plaintiff could perform work at the medium exertion level except that she is limited to simple tasks.  (Tr. 24.)   Again, Plaintiff bears the burden of proving that her medically determinable impairments cause functional limitations to the extent that she cannot work. *Ellison v. Barhart* 355 F.3d 1272, 1276 (11th Cir. 2003).  Plaintiff has not shown the Court any further evidence beyond Dr. Yut's opinion (which the ALJ properly discounted) to carry her burden, and therefore her argument fails.

As to the ALJ's credibility finding, Plaintiff contends that the ALJ improperly assessed Plaintiff's credibility by failing to consider all seven factors outlined in SSR 96-7p.  (Pl.'s Br. 9.)  However, the ALJ clearly acknowledged the requirements of SSR 96-7p and 20 C.F.R. § 404.1529 in her decision, and this Court has previously held that the ALJ is not required to discuss each factor individually in assessing a plaintiff's credibility so long as the ALJ makes it clear that the determination is based on the record as a whole. *Lester v. Colvin*, No. 3:12-cv-55-CDL, 2013 WL 5140526 (M.D. Ga. 2013) (citing *Dyer v. Barhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  Furthermore, the ALJ must "articulate explicit and adequate reasons" for finding Plaintiff's subjective complaints of disabling pain not credible.  *See Dyer*, 395 F.3d at 1210.

Here the ALJ discussed each pain-causing impairment articulated by Plaintiff and specifically noted her reasons for discrediting them.  As for Plaintiff's headaches, the ALJ noted that the course of treatment was conservative (and Plaintiff admitted failing to

10

take the medication often), Plaintiff did not seek care from a specialist, and Plaintiff failed to attend appointments on multiple occasions. (Tr. 25.) These facts together led the ALJ to believe that the pain associated with Plaintiff's headaches was not as severe as she described, and the numerous exhibits that the ALJ cited support that finding. As for Plaintiff's degenerative disc disease, the ALJ pointed out that objective testing showed fairly minimal issues, treatment was again conservative, and the treatment was relatively successful in controlling the pain. (Tr. 25-26.) The evidence in the record also supports the ALJ's finding on that impairment. Finally, as to the fibromyalgia, the ALJ found that Plaintiff's conservative treatment was relatively successful and that the complaints described in treatment notes did not reflect the level of debilitating pain of which Plaintiff complained. (Tr. 26.) Contrary to Plaintiff's assertion, the ALJ cited numerous exhibits in the record to support her findings regarding the impact of treatment on Plaintiff's pain.

The ALJ also discussed the impact of Plaintiff's alleged symptoms on her activities of daily living, social functioning, and ability to maintain concentration, persistence, and pace. (*Id*.) Specifically, the ALJ noted that Plaintiff is able to perform a variety of household tasks, cook, shop, drive, and communicate effectively, among other functions. (*Id*.) These abilities suggested to the ALJ that Plaintiff's alleged symptoms did not amount to disabling pain, and in conjunction with the other medical evidence showed that her allegations of severe pain were not credible. The ALJ's determination is supported by substantial evidence, and she properly applied the law in explaining her reasoning for finding Plaintiff's allegations not credible. No error is found in Plaintiff's second argument.

**III.    Did the ALJ pose an incomplete hypothetical question to the Vocational Expert?**

In her final enumeration of error, Plaintiff contends that the ALJ erred in basing her decision on a hypothetical question posed to the VE that failed to include all of Plaintiff's severe impairments, specifically her headaches.  (Pl.'s Br. 10.)  Plaintiff argues that the ALJ does not adequately explain why she found the severe impairments that she did, but did not include these impairments in the RFC and hypothetical question posed to the VE.  (*Id.*)  Plaintiff points to another hypothetical question that the ALJ posed to the VE in the alternative which included limitations found by Dr. Yut.  The VE responded that no jobs existed for a person with such limitations, and Plaintiff argues that the ALJ should have based her decision on that question instead.

The problem with Plaintiff's argument is that she fails to distinguish between impairments and functional limitations.  The purpose of the RFC is to state the highest level of work that a claimant can perform given the functional limitations that are caused by their impairments.  (*See* 20 C.F.R. § 404.1545(a)(1) ("Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting.  Your residual functional capacity is the most you can still do despite your limitations.") (emphasis added).)  At step five, the ALJ can elicit testimony from the VE as to whether jobs exist that a person of the claimant's age, education, and work history can perform given the functional limitations that the ALJ has found supported by the evidence.  However, the Eleventh Circuit has held that the ALJ is

"not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

The "findings" that may or may not be included are the functional limitations caused by impairments, not the impairments themselves. With regard to the headaches, the ALJ specifically addressed Plaintiff's contentions and found her statements to be not credible. (Tr. 25.) As stated above, the ALJ properly addressed the impairments that Plaintiff cites and found that she has not put forth sufficient evidence to support the limitations that she claims result from those impairments. Therefore, the ALJ was not required to include those limitations in the hypothetical question and no error is found. Plaintiff's third contention is without merit.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the Commissioner's decision in this case be affirmed.

SO ORDERED, this 19th day of March, 2014.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE